**SECRETARY OF LABOR, Commonwealth of Kentucky, Appellant,**

v.

**IRVIN H. WHITEHOUSE & SONS, Appellee.**

**No. 1997–CA–000395–MR.**

Court of Appeals of Kentucky.

July 17, 1998.

Case Ordered Published by Supreme Court Sept. 4, 1998.

Lori Barker Sullivan, Kentucky Labor Cabinet, Frankfort, for Appellant.

Laurence J. Zielke, Licha H. Farah, Jr., Frank G. Simpson, III, Louisville, for Appellee.

Before COMBS, DYCHE and SCHRODER, JJ.

COMBS, Judge.

The Secretary of Labor, Commonwealth of Kentucky (the Secretary), appeals from the opinion and order of the Franklin Circuit Court dismissing the citation issued by the Kentucky Labor Cabinet, Division of Occupational Safety and Health Compliance (KY–OSH) to Irvin H. Whitehouse & Sons (Whitehouse). The Secretary argues on appeal that the circuit court erred in dismissing the citation. We agree; hence, we vacate and remand the order of the circuit court.

On May 2, 1994, a Compliance Officer (CO) with KY–OSH conducted a planned inspection of Whitehouse, a painting contractor. The inspection took place at a construction site where Whitehouse had been sub-contracted to paint a building. The CO issued Whitehouse a Citation and Notification of Penalty, citing the company for serious violations of 29 CFR 1910.1030(c)(1)(i), 29 CFR 1910.1030(d)(1), and 29 CFR 1910.1030(g)(2)(I) and assessing it a proposed penalty of $625.00. On June 30, 1994, Whitehouse filed a Notice of Contest challenging the citation issued by KY–OSH. A hearing on the matter was held before a hearing officer, who issued a recommended order affirming the citation and proposed penalty.

Subsequently, Whitehouse filed a Petition for Discretionary Review with the Kentucky Occupational Safety and Health Review Commission; that petition was denied. On September 20, 1995, Whitehouse filed a Petition for Review of Decision by the Secretary of Labor with the Franklin Circuit Court. On January 16, 1997, the circuit court rendered its opinion and order dismissing the $625.00–penalty assessed against Whitehouse. The court found that there was no reasonable anticipation that Whitehouse's employees would come into contact with bloodborne pathogens and, therefore, that it

was unreasonable for the Secretary to fine Whitehouse for violations pursuant to 29 CFR 1910.1030. This appeal followed.

KRS 338.051 and 338.061 authorize the Kentucky Occupational Safety and Health Standards Board to adopt and promulgate occupational safety and health administrative regulations. Pursuant to 803 KAR 2:300, the Kentucky Occupation Safety and Health Standards Board adopted 29 CFR 1910. Whitehouse was cited for serious violations of 29 CFR 1910.1030, which sets out the standard for dealing with occupational exposure to blood or other potentially infectious materials. "Occupational Exposure" is defined as *"reasonably anticipated* skin, eye, mucous membrane, or parenteral contact with blood or other potentially infectious materials that *may result from the performance of an employee's duties."* (Emphasis added.) 29 CFR 1910.1030(b).

All employers having employees with occupational exposure are required to establish a written Exposure Control Plan designed to eliminate or minimize employee exposure to blood and other infectious materials. 29 CFR 1910.1030(c)(1)(i). The employer must also insure that universal precautions will be observed to prevent contact with blood or other potentially infectious materials. 29 CFR 1910.1030(d)(1). The term "universal precautions" designates an approach to infection control whereby all human blood and certain human body fluids are treated as if presumed to be infectious for bloodborne pathogens. 29 CFR 1910.1030(b).

In this case, Whitehouse maintains that the circuit court correctly dismissed the proposed penalty because it was not required to comply with the standard as it did not have employees with occupational exposure. The Secretary concedes that *not all* of Whitehouse's employees have occupational exposure; however, the citation was based upon the fact that a Whitehouse employee had been designated to render first aid. The Secretary contends that this employee indeed had occupational exposure by virtue of that designation and that Whitehouse was thereby required to comply with the standard.

We agree that the standard is applicable to Whitehouse. The language of 29 CFR 1910.1030(c)(1)(i) is unambiguous and mandatory. Employers *must* comply with the standard if they have employees who are reasonably anticipated to come into contact with blood and other bodily fluids as a result of their duties. The definition of occupational exposure clearly excludes incidental contact. The exposure must be reasonably anticipated as a result of the employee's duties. While the general duties of painters would not normally involve occupational exposure, Whitehouse had designated an employee to render first aid[1] as part of his *job duties.* An employee whose duties include firstaid responsibilities automatically has occupational exposure. It can be reasonably anticipated that this individual might come into contact with blood and other infectious materials while performing his or her duty—the rendering of medical assistance to injured coworkers. It is irrelevant that only one employee may have such a duty; the employer is absolutely required to protect that particular employee from exposure to bloodborne pathogens.

The record indicates that it was the duty of at least one of Whitehouse's employees, Leroy Bolton, to render first aid. Thus, Whitehouse was required to comply with the standard.

For the foregoing reasons, we vacate and remand the judgment of the Franklin Circuit Court for reinstatement of this case and for further proceedings consistent with this opinion.

SCHRODER, J., concurs.

DYCHE, J., dissents.

---

1. Employers of eight or more employees are required to designate a first-aid responder. 803 KAR 2:310.